J-S27032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FULTON BANK, NA., AUTUMN LANE ASSOCIATES, LLC., AND PREMIER BANK | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| DAVID MERMELSTEIN | : : | No. 3532 EDA 2019 |
| Appellant | : | |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): No. 2011-03186

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 30, 2020**

David Mermelstein ("Mermelstein") appeals from the October 18, 2019, order foreclosing upon a charging lien and directing the sale of Mermelstein's 24% limited partnership interest in M & M Realty Partners, L.P. ("M & M Realty") in an effort to satisfy an alleged outstanding balance on a confessed judgment entered against Mermelstein on February 3, 2011. After a careful review, we vacate the October 18, 2019, order and remand for proceedings consistent with this decision.

The relevant facts and procedural history are as follows: On February 3, 2011, Fulton Bank, NA ("Fulton"), as the successor by merger to Premier

---

[*] Former Justice specially assigned to the Superior Court.

Bank, NA ("Premier"), filed a complaint in confession of judgment against Mermelstein. Fulton alleged that it was the payee and holder of a promissory note dated September 12, 2006, in the principal amount of $900,000.00 in connection with a commercial loan extended to Mermelstein. The commercial loan was also secured with a mortgage on real property located in Egg Harbor Township, New Jersey.

Fulton alleged that Mermelstein defaulted on the commercial loan by failing to pay the monthly installments of interest due on October 1, 2010, November 1, 2010, December 1, 2010, and January 1, 2011. Therefore, under the terms of the loan agreement and promissory note, Fulton had the right to accelerate the loan and demand immediate payment of the remaining balance in full, as well as late charges, costs of the suit, and attorney's fees. Accordingly, Fulton sent Mermelstein notice advising him that immediate payment was demanded, and the loan would be accelerated; however, Mermelstein failed to repay the loan.

On February 3, 2011, the prothonotary entered a judgment by confession in favor of Fulton and against Mermelstein in the amount of $999,657.78, plus interest at $68.66 per diem from January 19, 2011. Mermelstein did not file a petition to have the confessed judgment opened or stricken.

Thereafter, Fulton initiated efforts to collect on the confessed judgment. Such efforts included a garnishment.[1] Further, Fulton filed a complaint in foreclosure upon the mortgage in the Superior Court of New Jersey as to the Egg Harbor Township property, and on March 4, 2013, a final order in mortgage foreclosure was entered in New Jersey. The confessed judgment was assigned from Fulton to Autumn Lane on October 18, 2013, and on May 29, 2014, the sheriff of Atlantic County, New Jersey, sold the Egg Harbor Township property to Autumn Lane for costs in accordance with the final order entered in the mortgage foreclosure.

On November 1, 2016, Mermelstein filed a petition pursuant to 42 Pa.C.S.A. § 8104 to mark the confessed judgment satisfied and discharged.[2] While the petition for satisfaction was pending, on February 8, 2017, Autumn Lane filed a motion for a charging order on Mermelstein's 24% limited partnership interest in M & M Realty.

_____

[1] Fulton Bank garnished a Vanguard account of Mermelstein's in the amount of $2,565.95.

[2] Specifically, citing to 42 Pa.C.S.A. §§ 8103 and 8104, Mermelstein requested the trial court mark the confessed judgment satisfied on the basis Autumn Lane failed to file a petition to set the fair market value of the Egg Harbor Township property to determine whether a deficiency existed within Pennsylvania's statute of limitations, *i.e.*, within six months of the sheriff delivering the deed to Autumn Lane. Alternatively, Mermelstein requested the trial court find there is no deficiency, and accordingly, mark the confessed judgment satisfied in accordance with Sections 8103 and 8104.

- 3 -

Mermelstein filed a response to the motion on March 27, 2017, and following a hearing, on May 22, 2017, the trial court granted Autumn Lane's motion. Specifically, the trial court's order relevantly provided the following:

> [U]pon the Motion of Plaintiff, Autumn Lane[], pursuant to 15 Pa.C.S.A. § 8563, the Answer thereto, oral argument thereon[,] and the Briefs of the parties, it is hereby ORDERED that a Charging Order is entered against and secured by the limited partnership interest of Defendant, David Mermelstein, in the following business entity:

> ENTITY        GENERAL PARTNER      PERCENTAGE OF INTEREST

> M & M Realty   A Pro Realty Services   24%

> Upon this Court's disposition of Defendant, David Mermelstein's, pending Petition to Satisfy Judgment, the limited partnership interest, or such portion of it or assets representative of it as shall be necessary to pay the unsatisfied amount of [Autumn Lane's] judgment with interest, shall be assigned to [Autumn Lane] upon such terms and conditions as th[e] [trial] [c]ourt may direct.

Trial Court Order, filed 5/22/17 (bold omitted).

Thereafter, on July 23, 2019, the trial court denied Mermelstein's petition to mark the confessed judgment satisfied. Further, the trial court purported to set a fair market value of the Egg Harbor Township, New Jersey property in the amount of $35,800.00, and enter a deficiency judgment of $738,606.43 in favor of Autumn Lane.[3] On August 19, 2019, Mermelstein

---

[3] In determining that a deficiency existed, the trial court calculated the amount due from Mermelstein as follows: Original Judgment: $999,657.78; Minus garnished funds of $2,565.85; Minus Fair Market Values of Collateral Property as of 5/24/2014 of $35,800.00; Minus Balance of Escrow with Egg Harbor Township of $297,466.80; Plus Property Taxes Not Discharged by Sheriff's

filed an appeal from the trial court's July 23, 2019, order, and this Court docketed the appeal at 2567 EDA 2019.[4]

Meanwhile, on October 18, 2019, in accordance with the May 22, 2017, charging order, the trial court entered an order foreclosing upon the charging lien and directing the sale of Mermelstein's 24% limited partnership interest in M & M Realty. The trial court noted Mermelstein could extinguish the charging order by satisfying the deficiency and filing a certified copy of the satisfaction in the trial court within twenty days of the order. However, the trial court noted that, if Mermelstein did not avail himself of this redemption, the lien created by the charging order would be deemed foreclosed, and within ninety days, the transferable interest shall be offered at public sale where the minimum bid would be the amount of the deficiency ("the Upset Price"). If the transferable interest sold to the highest bidder above the Upset Price, all proceeds would be credited against the deficiency, and in the event the public sale should fail to yield the Upset Price, the 25% interest in M & M Realty would be transferred directly to Autumn Lane.

---

sale of Collateral for 2011, plus back taxes and fines, of $25,604.32, and for 2012-13, $49,176.98; Equals a Deficiency Judgment of $738,606.43.

[4] On appeal, at 2567 EDA 2019, this Court vacated the trial court's determination of the fair market value of the Egg Harbor Township, New Jersey property, and its alleged deficiency determination. We also held the trial court properly denied Mermelstein's petition to mark the confessed judgment satisfied as he had not met his burden of proving such an entitlement at this juncture.

Mermelstein filed a motion for reconsideration of the trial court's October 18, 2019 order, and after the trial court denied the motion, Mermelstein filed a timely appeal to this Court. The trial court did not direct Mermelstein to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed. However, the trial court filed a Pa.R.A.P. 1925(a) opinion on December 18, 2019.

On appeal, Mermelstein sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1) Whether the trial court erred when it foreclosed upon [Mermelstein's] economic interest in M & M Realty [] pursuant to 15 Pa.C.S.A. § 8673(c) without the proper showing by [Autumn Lane] that the charging order would be paid off in a reasonable amount of time[?]

2) Whether the trial court erred when it foreclosed upon [Mermelstein's] economic interest in M & M Realty [] pursuant to 15 Pa.C.S.A. § 8673(c) when [Autumn Lane] had not provided the proper notice that they would seek the sale and did not provide sufficient documentation that the proposed sale would happen in a fair and just manner[?]

3) Whether the trial court erred when it foreclosed upon [Mermelstein's] economic interest in M & M Realty [] pursuant to 15 Pa.C.S.A. § 8673(c) and directed the transfer of the interest to Autumn Lane [] if the upset price was not met without first ascertaining that the value of the interest was not greater than the judgment[?]

Mermelstein's Brief at 4 (suggested answers omitted).

Initially, we note that 15 Pa.C.S.A. § 8673, pertaining to charging orders, relevantly provides the following:

**§ 8673. Charging order**

- 6 -

**(a) General rule.--**On application by a judgment creditor of a partner or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment.  A charging order constitutes a lien on a judgment debtor's transferable interest and requires the limited partnership to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor.

\*\*\*

**(c) Foreclosure.--**Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest.  The purchaser at the foreclosure sale obtains only the transferable interest, does not thereby become a partner and is subject to section 8672 (relating to transfer of transferable interest).

**(d) Satisfaction of judgment.--**At any time before foreclosure under subsection (c), the partner or transferee whose transferable interest is subject to a charging order under subsection (a) may extinguish the charging order by satisfying the judgment and filing a certified copy of the satisfaction with the court that issued the charging order.

\*\*\*

**(g) Exclusive remedy.--**This section provides the exclusive remedy by which a person seeking, in the capacity of a judgment creditor, to enforce a judgment against a partner or transferee may satisfy the judgment from the judgment debtor's transferable interest.

15 Pa.C.S.A. § 8673 (bold in original).[5]

---

[5] 15 Pa.C.S.A. § 8563 was repealed and replaced with 15 Pa.C.S.A. § 8673, effective February 21, 2017.  The trial court determined Section 8673, as opposed to Section 8563, applies in the instant case.  Trial Court Opinion, filed 12/18/19, at 5.  However, the trial court noted that, "both laws provide for charging orders such as the one at issue in this case, and the relief would be the same under either statute."  *Id.* at 5 n.3.  We agree with the trial court that, regardless of which version of the statute is applied, the "outcome" of this appeal is the same; however, as discussed *infra*, we disagree with the trial court as to the proper outcome at this juncture.

In the case *sub judice*, there is no dispute that Autumn Lane has a confessed judgment against Mermelstein. However, as this Court held in addressing Mermelstein's appeal docketed at 2567 EDA 2019, there is an outstanding dispute as to whether a deficiency exists with regard to the confessed judgment or whether the judgment has been satisfied by Mermelstein.

The trial court's May 22, 2017, order, which granted Autumn Lane's motion for a charging order on Mermelstein's 24% limited partnership interest in M & M Realty, was expressly conditioned upon the disposition of Mermelstein's November 1, 2016, petition to mark the confessed judgment satisfied. That is, the charging order was granted to satisfy, only if necessary, any unpaid balance on the confessed judgment in light of the sale of the foreign collateral. Thereafter, by order entered on July 23, 2019, the trial court denied Mermelstein's request to mark the confessed judgment satisfied and, further, purported to enter a deficiency judgment of $738,606.43 in favor of Autumn Lane (the judgment creditor).

However, as this Court held in the appeal docketed at 2567 EDA 2019, the trial court erred in concluding a deficiency existed since the trial court did not have the statutory authority to determine the fair market value of the foreign collateral at issue. *See* 42 Pa.C.S.A. § 8103(f.2). Thus, in 2567 EDA 2019, this Court vacated the trial court's purported deficiency judgment with further instructions to the parties.

Accordingly, inasmuch as the trial court's October 18, 2019, order, which foreclosed upon the charging lien and directed the sale of the limited partnership interest, was premised upon the trial court's July 23, 2019, deficiency determination, which this Court vacated in its decision for 2567 EDA 2019, we conclude we must, likewise, vacate the trial court's October 18, 2019, order.[6]

October 18, 2019, Order vacated; Case remanded; jurisdiction relinquished.

Judge McCaffery did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020

---

[6] We note Mermelstein's issues on appeal pertain to the validity of the trial court's October 18, 2019, foreclosing order/direction of sale. The trial court's May 22, 2017, charging order remains valid, and following a proper determination of whether a deficiency exists or whether the confessed judgment should be marked satisfied in accordance with our decision docketed at 2567 EDA 2019, the parties may take the appropriate action with regard to the charging order.